UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

OLIVIA MARIA VILLARREAL, ) Case No. CV 10-4129 JC
               Plaintiff, )
                        ) MEMORANDUM OPINION AND
    v. ) ORDER OF REMAND
                        )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
             Defendant. )
_____)

**I.    SUMMARY**

On June 3, 2010, plaintiff Olivia Maria Villarreal ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; June 8, 2010 Case Management Order, ¶ 5.

///
///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On May 30, 2006, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 10, 82). Plaintiff asserted that she became disabled on January 31, 1999, due to lupus, diabetes, back problems, pain throughout her body, and knee problems. (AR 103). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on January 31, 2008. (AR 16).

On April 18, 2008, the ALJ determined that plaintiff was not disabled through the date last insured (*i.e.*, December 31, 2003). (AR 15). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: fibromyalgia and polymyalgia rheumatica (AR 12); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 12); (3) plaintiff retained the residual functional capacity to perform the full range of medium work (20 C.F.R. § 404.1567(c)) (AR 13); (4) plaintiff could perform her past relevant work (AR 15); and (5) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 14).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

///

1       The claimant has the burden of proof at steps one through four, and the
2 Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262
3 F.3d 949, 954 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679
4 (claimant carries initial burden of proving disability).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that the ALJ improperly evaluated the credibility of plaintiff's subjective complaints. (Plaintiff's Motion at 15-18). The Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A. Pertinent Law

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." Lingenfelter v.

Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" Lingenfelter, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citation and quotation marks omitted). In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." Bunnell, 947 F.2d at 346 (citing Social Security Ruling ("SSR") 88-13; quotation marks omitted). The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). If properly supported, the ALJ's credibility determination is entitled to "great deference." See Green v. Heckler, 803 F.2d 528, 532 (9th Cir. 1986).

///

**B. Analysis**

In this case, the ALJ stated that plaintiff's allegations regarding her subjective symptoms were "not credible to the extent they [were] inconsistent with the residual functional capacity assessment for the reasons explained below." (AR 14). The only reason the ALJ "explained <u>below</u>" for discounting plaintiff's credibility was that plaintiff's subjective complaints were "largely unsupported." (AR 14) (emphasis added). Assuming the ALJ properly determined that plaintiff's statements were not supported by the objective medical evidence, such a determination may not serve as the ALJ's only ground for discrediting plaintiff's statements. <u>Burch</u>, 400 F.3d at 681; <u>Rollins v. Massanari</u> 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citing 20 C.F.R. § 404.1529(c)(2)). Accordingly, the Court concludes that the ALJ erred in the assessment of plaintiff's credibility. The Court cannot find such error to be harmless error since, as the ALJ points out, plaintiff testified essentially that she was unable to perform even sedentary work on a full time basis. (AR 13).

Defendant correctly notes that the ALJ may have properly discredited plaintiff's subjective complaints because they were inconsistent with conservative medical treatment plaintiff received and plaintiff did not explain her failure to seek more aggressive treatment, or because plaintiff's alleged limitations were materially inconsistent with her daily activities.[1] <u>See, e.g., Tommasetti v. Astrue</u>,

---

[1] Earlier in the ALJ's decision, during a summary of the medical evidence and a discussion of Dr. Tang's opinions, the ALJ referenced plaintiff's "history of conservative treatment" and receipt of "intermittent conservative care." (AR 13, 14). In discussing Dr. Tang's opinions, the ALJ also noted that plaintiff "did not consult Dr. Tang until September 2003, after allegedly having suffered six years of severe joint and muscle pain." (AR 14). The ALJ pointed
(continued...)

533 F.3d 1035, 1040 (9th Cir. 2008) (evidence that claimant "responded favorably to conservative treatment" and failed to seek alternative/more aggressive treatment undermines plaintiff's reports of disabling pain); Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007) ("evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment"), cert. denied, 552 U.S. 1141 (2008); Thomas, 278 F.3d at 958-59 (inconsistency between the claimant's testimony and the claimant's conduct supported rejection of the claimant's credibility). As currently written, however, the administrative decision does not adequately specify which, if any, of such grounds supported the ALJ's credibility determination. See supra note 1. See Greger, 464 F.3d at 972. Accordingly, the Court cannot affirm the ALJ on such grounds. Orn, 495 F.3d at 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

///
///
///
///
///
///
///
////
///
///

---

[1](...continued)
to the foregoing factors as reasons for discounting Dr. Tang's opinions but did not reference such factors in the later discussion regarding plaintiff's credibility. (AR 14).

## V. CONCLUSION[2]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[3]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 3, 2011

                                           /s/
                                   Honorable Jacqueline Chooljian
                                   UNITED STATES MAGISTRATE JUDGE

---

[2] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate. On remand, however, the ALJ may wish to articulate more clearly his reasons for discrediting Dr. Tang's opinions. (Plaintiff's Motion at 8-13).

[3] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see also Connett, 340 F.3d at 876 (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).